IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-00572-MEH

MARQUISE HARRIS, and
ARTESIA CABRAL, individually and as next friend of N.C., a minor child,

    Plaintiffs,

v.

CITY AND COUNTY OF DENVER,
CITY OF AURORA,
GLENN MAHR, in his individual and official capacities,
KEVIN BARNES, in his individual and official capacities,
MIKE DIECK, in his individual and official capacities,
TASHA EWERT, in her individual and official capacities,
JEREMY JENKINS, in his individual and official capacities,
PAUL JEROTHE, in his individual and official capacities,
JON MAREK, in his individual and official capacities,
JEREMIAH MILES, in his individual and official capacities,
LARRY BLACK, in his individual and official capacities,
DAVID GROSS, in his individual and official capacities, and
TONI TRUJILLO, in her individual and official capacities,,

    Defendants.

# ORDER GRANTING STAY OF DISCOVERY

**Michael E. Hegarty, United States Magistrate Judge.**

    Before the Court are the Denver Defendants' Motion to Stay Discovery [filed May 15, 2019; ECF No. 31], the Plaintiffs' response, and Defendants' reply. For the reasons that follow, the Court will grant the motion for a temporary stay of discovery as to the Denver Defendants: City and County of Denver, Glenn Mahr, Larry Black, David Gross, and Toni Trujillo.

**I.    Background**

    Plaintiff brings this action pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971) and the 14th Amendment to the United States Constitution. (Docket #1 at 1.) All

defendants responded to Plaintiff's Complaint with motions to dismiss. (Dockets ##15, 17.) Defendant Rouco claims absolute immunity (docket #17 at 6-7); Defendants Olmos and Charobee assert an entitlement to qualified immunity (docket #15 at 9). In the motions at hand, defendants request that discovery be stayed pending resolution of the immunity defenses and jurisdictional challenges stated in their motions to dismiss.

## II. Discussion

The Supreme Court has ruled that evaluating the defense of qualified immunity is a threshold issue, and "[u]ntil this threshold immunity question is resolved, discovery should not be allowed." *Siegert v. Gilley*, 500 U.S. 226, 233 (1991) (citing *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982)); *Workman v. Jordan,* 958 F.2d 332, 336 (10th Cir. 1992) (same). However, the defense of qualified immunity is not necessarily "a bar to all discovery." *Rome v. Romero*, 225 F.R.D. 640, 643 (D. Colo. 2004). There are certain circumstances when discovery may be permissible despite an assertion of qualified immunity, including cases alleging official-capacity claims and requests for injunctive (as opposed to monetary) relief. *See id.* Additionally, permitting discovery up until the point that qualified immunity is raised may be appropriate, particularly when the defense is not advanced until the filing of a motion for summary judgment. *Id*. at 643-44.

Here, however, the individual Denver Defendants raised the defense of qualified immunity in response to the Complaint at an early stage of the litigation. In addition, the City of Denver argues the Plaintiffs fail to allege plausible claims under *Monell v. Dep't of Soc. Servs*., 436 U.S. 658 (1978). Discovery has not begun and Defendants' pending motion to dismiss, if granted, could fully dispose of Plaintiffs' claims before the parties engage in the discovery process. *See Namoko v. Milgard Mfg., Inc*., No. 06-cv-02031-WDM-MEH, 2007 WL 1063564, at *1 (D. Colo. Apr. 6, 2007) ("good cause may exist to stay discovery if a dispositive motion has been filed that could resolve the case and a stay does not unduly prejudice the opposing party.").

The Court has broad discretion to stay proceedings as incidental to its power to control its own docket. *See Clinton v. Jones*, 520 U.S. 681, 706-07 (1997) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). Legal questions regarding the court's subject matter jurisdiction should be resolved as early as possible in the litigation, before incurring the burdens of discovery. *See Behrens v. Pelletier,* 516 U.S. 299, 308 & 310 (1996) (noting that discovery can be particularly disruptive when a dispositive motion regarding immunity is pending); *Albright v. Rodriguez*, 51 F.3d 1531, 1534 (10th Cir. 1995) ("the Supreme Court has repeatedly 'stressed the importance of resolving immunity questions at the earliest possible stage in litigation.'" (citation omitted)). Typically, in evaluating a request for a stay of discovery, the following five factors guide the Court's determination:

> (1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006); *see also Golden Quality Ice Cream Co. v. Deerfield Speciality Papers, Inc.*, 87 F.R.D. 53, 56 (E.D. Pa. 1980).

A balance of these factors favors a temporary stay in this case. First, while the Plaintiffs oppose Defendants' request for a stay, Plaintiffs have not demonstrated any obvious need for urgency and have, in fact, sought and agreed to extensions of time since the case, including for filing a response to the pending motion to dismiss. The Court finds no actual prejudice to the Plaintiffs here, where the Court will endeavor to resolve the dispositive motion as soon as possible after it becomes ripe. Second, the Court finds that discovery in this case could be substantial given the complexity of the matters and the proficiency of counsel. Furthermore, the Court agrees with Defendants that claims against the individual Defendants are interrelated with those against the

entity Defendant and, thus, a stay of discovery as to the individuals likewise should be imposed as to the entity.

Third, while the Court typically discourages stays of discovery, the Court acknowledges the efficiency and fairness of delaying the proceedings at this early stage of the litigation pending resolution of a motion to dismiss that could resolve this matter in its entirety, particularly given the Court's expectation that the motion will be resolved shortly after it becomes ripe. *See Harris v. United States*, No. 09-cv-02658-PAB-KLM, 2010 WL 1687915, at *1 (D. Colo. Apr. 27, 2010) ("[N]either [the Court's] nor the parties' time is well-served by being involved in the 'struggle over the substance of the suit' when, as here, a dispositive motion is pending.") (citations omitted). The Court finds consideration of the remaining factors weighs neutrally, in favor of neither side.

"A stay of discovery pending the determination of a dispositive motion 'is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.'" *Chavous v. Dist. of Columbia Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001) (citation omitted). Here, the Court concludes that because *Rome* is distinguishable on its facts and circumstances, its evaluation is not applicable to the case at hand. Moreover, consideration of the *String Cheese* factors applied to this case demonstrates a finding in favor of a temporary stay. Thus, in light of the foregoing and the governing case law cited herein, the Court concludes that a short stay of discovery as to the Denver Defendants is appropriate in this matter, pending resolution of the motion to dismiss.

## III.    Conclusion

Accordingly, for the reasons stated above, Defendants' Motion to Stay Discovery [filed May 15, 2019; ECF No. 31] is **granted**. Discovery as to the Denver Defendants is temporarily stayed pending resolution of their motion to dismiss. If necessary, the Court will adjust any discovery deadlines once a ruling has been made.

Entered and dated at Denver, Colorado, this 14th day of June, 2019.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge